**GREGORY L. BOSSE, ESQ., State Bar No. 103641**
**LAW OFFICES OF GREGORY L. BOSSE**
701 South Parker Street, Suite 6000
Orange, California 92868-4741
(714) 550-9555 Telephone
(714) 316-1344 Fax
greg@bosse.org

Attorney for the Debtor and Defendant
ARMEN KEVORKIAN

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA -- RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>ARMEN KEVORKIAN,<br><br>Debtor.<br><br>JOHN OHANIAN,<br><br>Plaintiff,<br><br>vs.<br><br>ARMEN KEVORKIAN, an individual,<br><br>Defendant. | Chapter 7<br>CASE NO. 6:11-bk-14600-CB<br>ADVERSARY NO. 6:11-ap-01717<br><br>**DEBTOR/DEFEENDANT'S NOTICE OF MOTION AND MOTION TO:**<br><br>1. DISMISS PLAINTIFF JOHN OHANIAN'S ADVERSARY COMPLAINT, FOR FAILURE TO STATE A CLAIM BASED ON FRAUD UPON WHICH RELIEF CAN BE GRANTED [FED. R. CIV. P. 12(b)(6), REF'D. AND APPLIED BY FED. R. BANKR. P. 7012(b)]<br>2. STRIKE PORTIONS OF ADVERSARY COMPLAINT THAT ARE IMPERTINENT AND SCANDALOUS [FED. R. CIV. P. 12(f), REF'D. AND APPLIED BY FED. R. BANKR. P. 7012(b)]<br><br>Date of Hearing: July 27, 2011<br>Time:            2:00 p.m.<br>Courtroom No.: 303<br>Before the Honorable Catherine E. Bauer |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 27, 2011, at 2:00 p.m. or as soon thereafter as the matter nay be heard in Courtroom 303 of the above-entitled court located at 3420 Twelfth Street, Suite 369, Riverside, California 92501, pursuant to Federal Rules of Civil Procedure Rules

Procedure Rules 12(b)(6) and 12(f), referenced and applied by the Federal Rules of Bankruptcy Procedure Rule 7012(b), debtor and defendant ARMEN KEVORKIAN ("Debtor") will and hereby does move the Court (1) for an order dismissing the adversary complaint ("Adversary Complaint") of plaintiff JOHN OHANIAN ("Plaintiff") against Debtor in its entirety with prejudice for failure to state a claim based on fraud upon which relief can be granted; and (2) for an order striking certain portions of the Adversary Complaint as impertinent and scandalous.

*Pursuant to Local Bankruptcy Rule 9013-1 (f), any opposition to this motion must be filed and served on Debtor and Debtor's counsel no later than fourteen (14) days before the above hearing date. Failure to timely file and serve a response to this motion may be deemed by the Court to be consent to the granting of the motion, and the Court may grant the requested relief without further notice to you.*

These motions to dismiss and to strike are made pursuant to Federal Rules of Bankruptcy Rule 4007(e), Federal Rules of Civil Procedure Rule 7(b) referenced and applied by Federal Rules of Bankruptcy Procedure Rule 7007, Federal Rules of Civil Procedure Rules 12(b)(6) and 12(f) referenced and applied by Federal Rules of Bankruptcy Procedure Rule 7012, Federal Rules of Civil Procedure Rule 9(b) referenced and applied by Federal Rules of Bankruptcy Procedure Rule 7009, and the Local Bankruptcy Rules, and upon the grounds that (1) the Adversary Complaint failed to plead circumstances constituting fraud by Debtor on Plaintiff, therefore, failed to state a claim upon which relief can be granted; and (2) the following portions of the Adversary Complaint are impertinent and scandalous, therefore, must be stricken:

(a)  Paragraph 5.a., on page 2, lines 17--22 of the Adversary Complaint which states: "Defendant was adjudicated following a trial and judgment entered in Reese v. Ohanian et al., Case No. CVSS CIVSS703710 filed and tried in Superior Court Of The State Of California For The County Of San Bernardino, Central District ("State Case") thereupon for intentional misrepresentation and fraud in connection with the purported sale of real property to Ohanian located at 22542 Minona Drive, Grand Terrace San Bernardino CA 92313 ("PROPERTY") for $410,000.00 ("Agreement") on or about May 18, 2006."

2
**MOTION TO DISMISS ADVERSARY COMPLAINT AND MOTION TO STRIKE**

(b) That portion of the prayer numbered 1, on page 6, lines 15--16 of the Adversary Complaint, which states: "the judgment entered in the State Court proceeding on February 16, 2011."

These motions will be made upon this notice, the accompanying memorandum of points and authorities in support, the pleadings, papers, and records on file with this Court in this matter, and such further argument and other evidence as may be presented by counsel at the time of hearing.

DATED: June 24, 2011

LAW OFFICES OF GREGORY L. BOSSE

By: _____
GREGORY L. BOSSE
Attorney for Debtor and Defendant
ARMEN KEVORKIAN

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS TO DISMISS AND TO STRIKE CERTAIN PORTIONS OF THE ADVERSARY COMPLAINT OF PLAINTIFF JOHN OHANIAN AGAINST DEBTOR

## I.

## FACTUAL INTRODUCTION

1. This matter was commenced by the filing by Debtor of a voluntary petition under Chapter 13 converted to Chapter 7 of the Bankruptcy Code (11 U.S.C.) on February 11, 2011, docketed as Case No. 6:11-bk-14600 ("Kevorkian Bankruptcy").

2. On or about May 11, 2011, an adversary proceeding was commenced by the filing of a complaint ("Adversary Complaint") by plaintiff John Ohanian ("Plaintiff"), docketed as 6:11-ap-01717 CB.

3. In the Adversary Complaint Plaintiff alleges that Debtor's debt to Plaintiff is non-dischargeable "under § 523(a)(2)(a) for fraud and false pretenses, § 523(a)(4) fraud or defalcation in fiduciary capacity, and § 523(a)(6) willful and malicious injury to another person or property" (Adversary Complaint, ¶¶ 5 & 6).

4. Plaintiff then makes the conclusion that Debtor "acted fraudulently" (Adversary Complaint, ¶ 5.e, 4:11--12) and "engaged in . . . fraudulent business acts or practices within the meaning of Business & Professions Code § 17200 et. (*sic*) seq." (Adversary Complaint, ¶ 5.h, 5:13--14) on the mere allegations that "judgment was entered" by the state court against Debtor for fraud in *Reese v. Ohanian, et.* (*sic*) *al.* (Adversary Complaint, ¶ 5.a, 2:17--22; [this portion is sought to be stricken by Debtor in this motion to strike]), that a fraudulent transaction was conducted by agents of Debtor, not Debtor himself (Adversary Complaint, ¶ 5.b, 2:23), that false representations by third parties were made on behalf of Debtor, not by Debtor himself (Adversary Complaint, ¶ 5.c, 3:5), that Debtor owed fiduciary duties to Plaintiff (Adversary Complaint, ¶ 5.3, 3:25), that Debtor breached those fiduciary duties through third party actions, omissions, and misrepresentations (Adversary Complaint, ¶ 5.f, 4:17--18).

## II.

## PLAINTIFF FAILED TO STATE A CLAIM FOR RELIEF AGAINST DEBTOR IN THAT PLAINTIFF FAILED TO STATE SUFFICIENT AND SPECIFIC FACTS OF FRAUD BY DEBTOR AGAINST PLAINTIFF

5. The face and a simple reading of Plaintiff's Adversary Complaint will reveal that there does not appear sufficient, specific facts of a deliberate or intentional injury by Debtor against Plaintiff that constitute the fraud that is the basis for Plaintiff's Adversary Complaint and objection to discharge.

6. Federal Rules of Civil Procedure Rule 9(b) referenced and applied by Federal Rules of Bankruptcy Procedure Rule 7009 requires an allegation of fraud to state with particularity the circumstances constituting the fraud. Such particularity requires the "who, what, when, and where" of alleged fraud.

7. While Federal Rules of Civil Procedure Rule 8(a)(2), referenced and applied by Federal Rules of Bankruptcy Procedure 7008(a), seems to require only a short and plain statement of the claim showing that the pleader is entitled to relief, a claim of fraud which excepts indebtedness from dischargeability must be stated with particularity pursuant to Federal Rules of Civil Procedure Rule 9(b), referenced and applied by Federal Rules of Bankruptcy Procedure Rule 7009.

8. Plaintiff's Adversary Complaint is totally lacking in such particularity of the alleged fraud as regards Debtor's acts. The Court in *Molina v. Seror (In re Molina)*, 228 B.R. 248, 251 (Bankr. Fed. App. 1998) *citing In re Cecchini*, 780 F.2d 1440, 1443 (9th Cir. 1986), enumerated the elements of nondischargeability under § 523(a)(6) as follows: (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse.

9. Further, in *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S. Ct. 974, 140 L. Ed. 2d 90 (1998), the Supreme Court ruled that a "deliberate or intentional injury," rather than merely an intentional act, is required, modifying the third element of the Ninth Circuit's formulation. (*Id.*)

Case 6:11-ap-01717-CB    Doc 4    Filed 06/24/11    Entered 06/24/11 12:04:34    Desc
Main Document    Page 6 of 10

10. The Supreme Court also stated that negligent or even reckless acts could not result in willful and malicious injury.

> ... to be nondischargeable, the judgment debt must be "for willful and malicious injury." [¶] ... in Davis v. Aetna Acceptance Co., 293 U.S. 328, 79 L. Ed. 393, 55 S. Ct. 151 (1934), the Court explained that not every tort judgment for conversion is exempt from discharge. Negligent or reckless acts, the Court held, do not suffice to establish that a resulting injury is "willful and malicious."
> *Kawaauhau v. Geiger*, 523 U.S. 57, 63-64 (U.S. 1998)

The Supreme Court thus held, debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6). *Id.*

11. In the instant Adversary Complaint, the alleged acts were not even done by Debtor, not even recklessly or negligently. Instead, Plaintiff attributes acts of third parties to Debtor and thereafter concludes the alleged fraud was by Debtor. Indeed, conclusions are insufficient; rather, Plaintiff is required to allege facts leading to such conclusions. 9 *Collier on Bankruptcy* §7009.05.

12. There is good reason for the higher threshold. Requiring that fraud be alleged with particularity protects reputations and gives defendants proper notice. *(Weisburgh vs. St. Jude Med. Inc.*, 158 F.R.D. 638, 642 (D. Minn. 1994) affd 62 F.3d 1442 (8th Cir. 1995).

13. Another reason, and right on target for the instant case, is the *Weisburgh* court's observation that the rule "deters the use of complaints as a pretext for fishing expeditions of unknown wrongs designed to compel *in terrorem* settlements." *Id.*

14. The court in *Crystal vs. Foy*, 562 F.Supp. 422 (S.D. N.Y. 1983), cited by *Hassett vs. Zimmerman* (In re O.P.M Leasing Services, Inc.) 32 B.R. 199 (Bankr. S.D. N.Y. 1983) established a three-part test for pleading fraud with particularity. The plaintiff must allege: (1) specific facts; (2) sources that support the alleged specific facts; and (3) a basis from which an inference of fraud may be fairly drawn. (*Id.* at 203.)

15. In some instances, a less stringent standard may apply in pleading fraud in a bankruptcy case. (*Id.*) However, even under a more relaxed standard for pleading fraud, the

6
**MOTION TO DISMISS ADVERSARY COMPLAINT AND MOTION TO STRIKE**

complaint must "set forth the facts with sufficient particularity to apprise the defendants fairly of the charges made against him." (*Id.*; *see also*, *Commercial Property Ins. Inc. vs. Quality Inns Int'l. Inc.*, 61 F.2d 639, 644 (8th Cir. 1995).)

16. In the instant Adversary Complaint, Plaintiff did not state a claim of fraud by Debtor for which relief against Debtor can be granted.

### III.

### PLAINTIFF'S ALLEGATION OF ENTRY OF A STATE COURT JUDGMENT IS IMPERTINENT AND SCANDALOUS, THEREFORE, MUST BE STRICKEN

17. Federal Rules of Civil Procedure Rule 12(f) referenced and applied by Federal Rules of Bankruptcy Procedure Rule 7012 gives authority to the court to strike any impertinent or scandalous matter.

18. "Impertinent" has been defined to include allegations that are not responsive or relevant to issues involved in the action and which could not be admitted as evidence in the action. [*Fantasy, Inc. v. Fogerty*, supra, 984 F2d at 1527, rev'd on other grounds in *Fogerty v. Fantasy, Inc.* (1994) 510 US 517, 534–535, 114 S.Ct. 1023, 1033; *Barcher v. New York Univ. School of Law* (SD NY 1998) 993 F.Supp. 177, 181; *McArdle v. AT & T Mobility LLC*, supra, 657 F.Supp.2d at 1159] Schwarzer, et al., Rutter Group Practice Guide: Federal Civil Procedure Before Trial, Calif. & 9th Cir. Editions, 9:387.

And "scandalous" has been defined as allegations that cast a "cruelly" derogatory light on a party or other person. [*Skadegaard v. Farrell* (D NJ 1984) 578 F.Supp. 1209, 1221; *Talbot v. Robert Matthews Distributing Co.* (7th Cir. 1992) 961 F2d 654, 665.] *Id.*

19. The allegations of Plaintiff in his Adversary Complaint that there has been a judgment entered in state court against Debtor for fraud is not relevant in this bankruptcy matter as it is not true, and there has been no such judgment entered against Debtor in the alleged state court case of Reese v. Ohanian, et al. Even so, any such judgment is not an unappealed final judgment which could be given full faith and credit by the bankruptcy court. (*See Molina v. Seror (In re Molina)*, 228 B.R. at 250.) The face of the Adversary Complaint does not indicate

7

that any such judgment against Debtor is an unappealed final one -- as such is not the case here.

20. Further, such allegation being false, and the alleged judgment not being an unappealed final one, it casts a derogatory light on Debtor and prejudices him, therefore, the allegation is scandalous.

21. Plaintiff falsely alleges in his Adversary Complaint that judgment has been entered in state court; these false allegations of Plaintiff are stated in:

(a) Paragraph 5.a., on page 2, lines 17--22 of the Adversary Complaint which states: "Defendant was adjudicated following a trial and judgment entered in Reese v. Ohanian et al., Case No. CVSS CIVSS703710 filed and tried in Superior Court Of The State Of California For The County Of San Bernardino, Central District ("State Case") thereupon for intentional misrepresentation and fraud in connection with the purported sale of real property to Ohanian located at 22542 Minona Drive, Grand Terrace San Bernardino CA 92313 ("PROPERTY") for $410,000.00 ("Agreement") on or about May 18, 2006."

(b) That portion of the prayer numbered 1, on page 6, lines 15--16 of the Adversary Complaint, which states: "the judgment entered in the State Court proceeding on February 16, 2011."

22. The above portions of the Adversary Complaint being impertinent and scandalous, Debtor respectfully prays that they be stricken.

## IV.

## CONCLUSION

In view of the foregoing, Debtor and defendant ARMEN KEVORKIAN respectfully prays that:

(1) the following portions of the Adversary Complaint be stricken:

(a) Paragraph 5.a., on page 2, lines 17--22 of the Adversary Complaint which states: "Defendant was adjudicated following a trial and judgment entered in Reese v. Ohanian et. al. Case No. CVSS CIVSS703710 filed and tried in Superior Court Of

8

**MOTION TO DISMISS ADVERSARY COMPLAINT AND MOTION TO STRIKE**

The State Of California For The County Of San Bernardino, Central District ("State Case") thereupon for intentional misrepresentation and fraud in connection with the purported sale of real property to Ohanian located at 22542 Minona Drive, Grand Terrace San Bernardino CA 92313 ("PROPERTY") for $410,000.00 ("Agreement") on or about May 18, 2006."

(b) That portion of the prayer numbered 1, on page 6, lines 15-16 of the Adversary Complaint, which states: "the judgment entered in the State Court proceeding on February 16, 2011"; and

(2) the Adversary Complaint of Plaintiff JOHN OHANIAN against Debtor be dismissed with prejudice.

DATED: June 24, 2011          LAW OFFICES OF GREGORY. L. BOSSE

By: _____
GREGORY L. BOSSE
Attorneys for Debtor and Defendant
ARMEN KEVORKIAN

9
**MOTION TO DISMISS ADVERSARY COMPLAINT AND MOTION TO STRIKE**

| In re: | | CHAPTER: 7 |
|---|---|---|
| Armen Nick Kevorkian | | CASE NUMBER: 6:11-ap-14600 |
| | Debtor(s). | |

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
701 South Parker Street
Suite 6000
Orange, CA 92868-4741

A true and correct copy of the foregoing document described as **DEBTOR/DEFENDANT'S NOTICE OF MOTION AND MOTION TO: 1. DISMISS PLAINTIFF JOHN OHANIAN'S ADVERSARY COMPLAINT FOR FAILURE TO STATE A CLAIM BASED ON FRAUD UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(b)(6), REF'D. and APPLIED BY FRBP 7012(b)]; AND 2. STRIKE PORTIONS OF ADVERSARY COMPLAINT THAT ARE IMPERTINENT AND SCANDALOUS [FRCP 12(f), REF'D. AND APPLIED BY FRBP 7012(b)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 24, 2011**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:
Lynda T. Bui (TR) trustee.ltranbui@shbllp.com, C115@ecfcbis.com
United States Trustee ustpregion16.rs.ecf@usdoj.gov
Kelly F. Ryan kryan@ryanattorneys.com
Ramesh Singh claims@recoverycorp.com
Gregory L. Bosse greg@bosse.org, lynnc777@gmail.com, kjfrancke@gmail.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **June 24, 2011**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
The Honorable Catherine A. Bauer, 3420 Twelfth Street, Suite 369 / Courtroom 303, Riverside, CA 92501-3819
Armen Nick Kevorkian, 3250 Cavaletti Lane, Norco, CA 92860
Gregory A. Paiva, Esq., Gateway Legal Group PC, 4295-A Jurupa St., Suite 114, Ontario, CA 91761
Raymond G. Robinson, Esq., Robinson-Legal, 41955 Fourth Street, Suite 310, Temecula, CA 92590

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 24, 2011 | Kelly J. Francke | *[signature: Kelly J. Francke]* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                                                     9013-3.1.PROOF.SERVICE